UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Civil Case Number: 3:17-cv-56-J-39JRK

Shaquita Dean,

          Plaintiff,

vs.

Stellar Recovery, Inc.; and DOES 1-10, inclusive,

          Defendants.

FILED 2017 JAN 18 AM 9:56

# COMPLAINT

For this Complaint, Plaintiff, Shaquita Dean, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

1. Plaintiff, Shaquita Dean ("Plaintiff"), is an adult individual residing in Augusta, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

2. Defendant Stellar Recovery, Inc. ("Stellar"), is a business entity located in Kalispell, Montana, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

3. Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

3. Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

4. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

5. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

6. The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

4. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stellar Engages in Harassment and Abusive Tactics

7. In or around January 2016, Stellar began calling Plaintiff's cellular telephone in an attempt to reach "Cathy" (the "Debtor").

8. During a conversation, Stellar told Plaintiff that it was attempting to reach the Debtor.

9. Plaintiff explained to Stellar that she was not the Debtor and the Debtor could not be reached at her telephone number.

10. Nevertheless, Stellar asked Plaintiff to have "Cathy" call Stellar.

2

11. In response, Plaintiff stated that it was not "Cathy's" phone number and demanded that all calls to her cease.

12. In addition, despite knowing that the Debtor could not be reached at Plaintiff cellular telephone, Stellar nevertheless continued to place repeated telephone calls to Plaintiff regarding the Debtor.

### C. Plaintiff Suffered Actual Damages

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

14. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

5. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

17. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

6. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6, 2017

Respectfully submitted,

By /s/ Stan Michael Maslona

Stan Michael Maslona, Esq.
Bar No.: 86128
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com